UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SHIRLEY MCLEAN,

                                Plaintiff,

                  -against-

DR. RUBIN ZENKER, MARGOT ZENKER, and
DR. JULIEN ZENKER,

                               Defendants.
----------------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

Plaintiff Shirley McLean ("Plaintiff") by her attorneys, Katz Melinger PLLC, complaining of the defendants, Dr. Rubin Zenker, Margot Zenker, and Dr. Julien Zenker ("Julien," and collectively with Rubin and Mrs. Zenker, "Defendants"), respectfully alleges as follows:

**Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.*; New York State Human Rights Law, N.Y. Executive Law § 290 *et seq.* ("NYSHRL"); New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"); and New York common law.

2. The amount in controversy exceeds $75,000.00.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

**II. Parties**

5. Plaintiff is an individual residing in the state of Florida.

6. Defendants are individuals residing in the state of New York.

7. Defendants employed Plaintiff as a live-in aide from approximately June 1, 2019 until on or around December 27, 2021.

8. Throughout her employment with Defendants, Plaintiff lived and worked in Rubin's and Mrs. Zenker's residence located at 166 East 63rd Street, Apt. 16A, New York, New York 10065 (the "Residence").

9. Defendants hired Plaintiff, set her schedule, and determined and paid her compensation.

10. At all relevant times, Plaintiff was an employee of Defendants as defined by the NYLL, the NYSHRL, and the NYCHRL

## Claims Pursuant to the NYLL

11. Ms. McLean was employed by Defendants as a live-in aide from approximately June 1, 2019 until on or around December 27, 2021.

12. At all relevant times, Ms. McLean was a non-exempt employee pursuant to the NYLL and was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty-four (44) per week.

13. Throughout her employment, Ms. McLean regularly worked seven (7) days per week, from approximately 9:00 a.m. until 11:00 p.m., with occasional meal breaks averaging approximately one hour per day, for an average of approximately ninety-one (91) hours worked per week.

14. Defendants neither tracked the hours Plaintiff worked, nor required Plaintiff to record her time.

15. Throughout her employment, Ms. McLean was paid a fixed biweekly salary of $3,500.00 regardless of the number of hours she worked per week.

16. Additionally, Plaintiff did not receive, at the time of hire or at any time thereafter, a notice containing her rates of pay and the designated payday, or any other information required by NYLL § 195(1).

17. Defendants further failed to furnish to Plaintiff, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

18. Defendants violated state law by wilfully failing to pay Plaintiff overtime compensation and failing to provide Plaintiff with the required wage and payroll notices.

### Claims Pursuant to the NYSHRL and NYCHRL

19. Starting in approximately January 2020, Dr. Rubin Zenker subjected Ms. McLean to repeated verbal and physical sexual harassment.

20. At the first, the harassing incidents occurred once to twice per week, but soon escalated until they were occurring on a daily basis.

21. By way of example, Rubin repeatedly subjected Ms. McLean to unwanted touching, including fondling Ms. McLean's legs, breasts, and pelvic area.

22. Rubin also repeatedly subjected Plaintiff to inappropriate comments such as "Did you have sex last night?" and "How many men are you having sex with?"

23. Ms. McLean consistently asked Rubin to desist from such harassment, including pushing his hands away when he groped her.

24. Ms. McLean also repeatedly complained to Mrs. Zenker and to Julien about the harassment.

25. Despite Ms. McLean's complaints, the harassment continued unabated throughout her employment.

26. As a result of Rubin's ongoing sexual harassment, Plaintiff suffered severe emotional distress, including but not limited to humiliation, anxiety, and insomnia.

27. As a result of Rubin's refusal to desist from his unlawful behavior despite Plaintiff's repeated complaints, Plaintiff felt compelled to resign on or about December 21, 2021.

## **Intentional Infliction of Emotional Distress**

28. Throughout Plaintiff's employment, Mrs. Zenker engaged in an ongoing pattern of shocking and abusive behavior towards Ms. McLean.

29. This included disposing of Ms. McLean's clothing, jewelry, and personal papers without permission.

30. For instance, in the summer of 2019, Ms. McLean noticed that her laundry cards and a Ralph Lauren sweater were missing.

31. In late 2019, a crystal figurine which Ms. McLean had received as a gift from a former client disappeared.

32. In early 2020, during a phone call with her bank. Ms. Mclean realized that her file of financial information, including tax returns and credit card statements, had disappeared from her closet.

33. In March of 2020, Ms. McLean's gold cross necklace disappeared.

34. In December 2021, more than twenty of Ms. McLean's brassieres disappeared from her dresser.

35. The foregoing are mere examples of Ms. McLean's possessions disappearing while she was employed by Defendants.

36. All of the foregoing possession were kept by Ms. McLean in her bedroom at the Residence.

37. Other than Ms. McLean, Rubin and Mrs. Zenker were the only people who had access to Ms. McLean's room.

38. Furthermore, on more than one occasion Mrs. Zenker spit in Ms. McLean's food.

39. Ms. McLean personally witnessed Mrs. Zenker spit in Ms. McLean's food in July 2020 and October 2020.

40. On at least one occasion, Mrs. Zenker introduced a foreign substance into Ms. McLean's food such that Ms. McLean became physically ill.

41. In March of 2021, Ms. McLean began experiencing stomach pains, vomiting, and cold sweats.

42. After a few days of feeling ill, Ms. McLean examined the food she kept for herself in the refrigerator and noticed it was discolored. She replaced the food but continued to be ill.

43. A few days thereafter, Ms. McLean saw Mrs. Zenker near Ms.McLean's food with an unlabelled jar.

44. When questioned, Mrs. Zenker stated that it was a jar of honey, despite bearing no resemblance to honey.

45. Ms. McLean asked Mrs. Zenker to taste from the jar, which Mrs. Zenker refused to do. Instead, Mrs. Zenker left the kitchen with the jar.

46. Thereafter, Ms. Mclean did not keep any open, unsealed food at the Residence.

47. Once Ms. McLean stopped eating food kept at the Residence, her illness abated.

48. Mrs. Zenker's conduct, including but not limited to stealing Ms. McLean's possessions and introducing foreign substances into Ms. McLean's food, was intentional and outrageous.

49. In addition to causing Plaintiff to become physically ill, Mrs. Zenker's continuing, wilful, and unlawful conduct caused Ms. McLean to experience extreme emotional distress, including but not limited to anxiety and insomnia.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the NYLL)*

50. Plaintiff repeats and realleges all prior allegations set forth above.

51. Pursuant to the applicable provisions of NYLL § 650, *et seq.*, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty-four (44) hours per week.

52. Plaintiff regularly worked in excess of forty-four (44) hours per week during her employment with Defendants.

53. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times (1.5) her regular rate for each hour worked in excess of forty-four (44) hours in a workweek.

54. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

55. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

56. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees and costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Failure to Provide Payroll Notices Under the NYLL)*

57. Plaintiff repeats and realleges all prior allegations.

58. Throughout the relevant period, Defendants failed to furnish to Plaintiff a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; and anything otherwise required by NYLL § 195(1).

59. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

60. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
*(Failure to Provide Wage Statements Under the NYLL)*

61. Plaintiff repeats and realleges all prior allegations.

62. Throughout the relevant period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: her regular and overtime rates of pay and basis thereof; the number of regular and overtime hours she worked; gross wages; deductions; allowances,

if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

63. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

64. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(New York State Executive Law, Human Rights Law, § 290 et seq.)*
(*Sexual Harassment*)

65. Plaintiff repeats and realleges all prior allegations set forth above.

66. During her employment with Defendants, Plaintiff was subjected to unwelcome, severe, and pervasive physical conduct of a sexual nature because of her sex.

67. Such conduct included, but was not limited to, unwelcome sexual advances and forcible groping by Dr. Rubin Zenker.

68. Dr. Rubin Zenker's actions, which rose above the level of what a reasonable person would consider petty slights or trivial inconveniences, resulted in inferior terms, conditions and/or privileges of employment for Plaintiff.

69. The harassment by Dr. Rubin Zenker constitutes an unlawful discriminatory practice relating to employment, in violation of the NYSHRL.

70. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all compensatory, emotional, physical, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and

disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(New York City Human Rights Law, N.Y.C. Administrative Code Title 8)*
(*Sexual Harassment*)

71. Plaintiff repeats and realleges all prior allegations set forth above.

72. During her employment with Defendants, Plaintiff was subjected to unwelcome, severe, and pervasive physical conduct of a sexual nature because of her sex.

73. Such conduct included, but was not limited to, unwelcome sexual advances and forcible groping by Dr. Rubin Zenker.

74. The harassment by Dr. Rubin Zenker constitutes an unlawful discriminatory practice relating to employment, in violation of the NYCHRL.

75. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action for all compensatory, emotional, physical, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
*(Assault and Battery)*

76. Plaintiff repeats and realleges all prior allegations set forth above.

77. By inappropriately touching Plaintiff, Dr. Rubin Zenker intended to cause and did cause a harmful and offensive contact with Ms. McLean.

78. Ms. Mclean did not consent to Dr. Rubin Zenker's acts.

79. As a direct and proximate result of Dr. Rubin Zenker's conduct, Plaintiff suffered physical discomfort, extreme mental and emotional anguish, and physical manifestations of emotional distress.

80. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all compensatory, emotional, physical, and punitive damages, if applicable, along with reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

81. Plaintiff repeats and realleges all prior allegations set forth above.

82. Plaintiff was subjected to intentional and outrageous conduct by Mrs. Zenker, including the theft of Ms. McLean's possessions and the introduction of foreign substances into Ms. McLean's food.

83. The unwanted and offensive conduct by Mrs. Zenker resulted in physical illness and severe emotional distress, including physical manifestations of such distress.

84. Such conduct was extreme and outrageous and exceeded the bounds of human decency.

85. Mrs. Zenker's conduct was done intentionally and/or willfully.

86. Judgment should be entered in favor of Plaintiff and against Mrs. Zenker on the Sixth Cause of Action for all compensatory, emotional, physical, and punitive damages, if applicable, reasonable attorneys' fees, the costs and disbursements of this action, and any other damages permitted by law in an amount to be determined at trial.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all claims so triable.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages due to Plaintiff, and all reasonable attorneys' fees;

b) on the Second Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees;

c) on the Third Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees;

d) on the Fourth Cause of Action for all compensatory, emotional, physical, and punitive damages, if applicable, along with lost pay, front pay, all reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

e) on the Fifth Cause of Action for all compensatory, emotional, physical, liquidated, and punitive damages, if applicable, along with lost pay, front pay, reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

f) on the Sixth Cause of Action for all compensatory, emotional, physical, and punitive damages, if applicable, along with all reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

g) on the Seventh Cause of Action for all compensatory, emotional, physical, and punitive damages, if applicable, along with all reasonable attorneys' fees, and any other damages permitted by law in an amount to be determined at trial;

h) Interest;

    i)   Costs and disbursements; and

    j)   Such other and further relief as is just and proper.

Dated:  New York, New York
        August 22, 2022

                                      */s/ Nicole Grunfeld*
                                      Nicole Grunfeld
                                      Katz Melinger PLLC
                                      370 Lexington Avenue, Suite 1512
                                      New York, New York 10017
                                      t: (212) 460-0047
                                      f: (212) 428-6811
                                      ndgrunfeld@katzmelinger.com
                                      *Attorneys for Plaintiff*